Paul R. Kiesel, State Bar No. 119854
  *kiesel@kiesel.law*
Helen Zukin, State Bar No. 117933
  *zukin@kiesel.law*
**KIESEL LAW LLP**
8648 Wilshire Boulevard
Beverly Hills, California 90211-2910
Tel:   310-854-4444
Fax:   310-854-0812

Barrett L. Beasley, State Bar No. 194143
  *bbeasley@salim-beasley.com*
**SALIM-BEASLEY, LLC**
1901 Texas Street
Natchitoches, Louisiana 71457
Tel:   (318) 352-5999
Fax:   (318) 352-5998

Attorneys for Plaintiff
Ozra Lebastchi

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| OZRA LEBASTCHI, an individual,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>MCKESSON CORPORATION, a corporation; BRISTOL-MYERS SQUIBB., a corporation; PFIZER, INC., a corporation; and DOES 1 through 100, inclusive,<br><br>　　　　Defendants. | Case No. 2:16-cv-08115-R-AS<br><br>**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION TO STAY; AND DECLARATION OF BARRETT BEASLEY IN SUPPORT THEREOF**<br><br>Judge: Hon. Manuel L. Real<br>Date:　December 19, 2016<br>Time:　10:00 a.m.<br>Crtrm.: 8 – 2nd Floor<br><br>Complaint Filed: October 12, 2016<br>in Los Angeles County Superior Court |

Plaintiff, Ozra Lebastchi, submits this Memorandum of Points and Authorities in Opposition to Motion to Stay, or, in the Alternative, Motion for Reconsideration filed by Defendants Bristol-Myers Squibb Company and Pfizer Inc. (ECF No. 28). As in Defendants' previously filed Ex Parte Application to Stay (ECF No. 12), the

current motion to stay proceedings is misleading and without merit. Defendants' arguments should be rejected and the motion denied.

First, the Court should deny Defendants' Motion to Stay because Defendants violated local rule 7-3, which requires a pre-filing meet and confer at least 7-days in advance of filing.

Second, the Court should deny Defendants renewed Motion to Stay because Defendants have failed to satisfy the standard set forth in California Central District Civil Local Rule 7-18.

Third, Defendants' stay motions in cases before *this judge* have been denied for lack of good cause. *See* Beasley Decl., Exhibits A-D. Likewise, in similar cases in sister districts, motions to stay have been denied. *See* Beasley Decl., Exhibits E – H. Therefore, Defendants' allegation that the only other California court to rule on this issue in an Eliquis case granted stay is incorrect. Moreover, the orders other federal courts have entered across the nation on joint or consent motions to stay where subject matter jurisdiction is not an issue has no bearing to the case at bar.

Fourth, Defendants' repeated requests to this Court to stand down on deciding the issue of subject matter jurisdiction in favor of "the Eliquis MDL court" and their reference to "tag along" actions (ECF No. 28, 10:21) implies that there is a multidistrict litigation court that could alternatively hear Plaintiff's motion. This implication is false. Unlike in the cases cited by Defendants, where MDLs had been formed, **there is no Eliquis MDL in existence** *and* the JPML has not even set a hearing to determine if there *will be* an Eliquis MDL. In contrast, Plaintiff's Petition for Coordination to the Chair of the Judicial Council of California ("JCCP") in state court is set to be heard in Los Angeles Superior Court on February 1, 2017. (Beasley Decl., Ex. I). Hearing the motion to remand will promote coordination in the state courts, where the cases belong.

Fifth, other unrelated cases involving the defendant, McKesson, cited by

2:16-cv-008115-R-AS
PLAINTIFF'S RESPONSE TO DEFENDANTS'
MOTION TO STAY OR, IN THE ALTERNATIVE,
MOTION FOR RECONSIDERATION

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

Defendants, are fundamentally inapposite in a way that is relevant to judicial economy and prejudice. The cases cited by Defendants each involved an existing MDL. *See* ECF 28, FN. 3. Not one of these cases involved a stay of a motion to remand where an MDL was *not even formed yet*. To grant a stay where there is no MDL does not serve judicial economy, disregards the precedence of jurisdictional issues, and prejudices Plaintiff with unnecessary delay.

## I.   INTRODUCTION

Plaintiff incorporates by reference the Opposition to Defendants' Ex Parte Application to Stay Case Pending Resolution of Petition to the JPML. *See* FED. R. CIV. P. 10(c). As the Court is aware, Plaintiff immediately filed a Motion to Remand on November 8, 2016, for lack of jurisdiction and violation of the forum defendant rule since both McKesson Corporation and Plaintiff are citizens of California. (ECF No. 18). The Motion to Remand hearing is also set for hearing on December 19, 2016. (ECF No. 25.)

Notably, there is no JPML order that applies to this case. At this time, the JPML Panel has not even set oral argument on Defendants' motion to coordinate all Eliquis cases pending in federal court. Further, the other cases that Defendants have requested the JPML to transfer do not involve allegations contained in Plaintiff's case. Plaintiff herein has named another defendant, McKesson Corporation, under California state law that specifically holds distributors and suppliers such as McKesson strictly liable for injuries caused by defective products. *Jimenez v. Superior Court*, 29 Cal. 4th 473 (2002). As this Court is aware, Plaintiffs are parties to a Petition for Coordination to the Chair of the Judicial Council of California that includes all the Eliquis cases filed in California state courts, negating Defendants' implication of prejudice by having to defend itself in multiple fora. The Petition for Coordination to the Chair of the Judicial Council of California is set for hearing in Los Angeles Superior Court on February 1, 2017. (Beasley Decl., Ex. I.)

## II. ARGUMENT & AUTHORITIES

### A. Defendants' Motion Should Denied since Defendants' Violated the Local Rules by Failing to Meet and Confer before Filing this Motion.

Local Rule 7-3 requires that a "counsel contemplating the filing of *any* motion shall first contact opposing counsel to discuss thoroughly . . . the substance of the contemplated motion and any potential resolution" and that "the conference *shall take place at least seven days prior to the filing of the motion*." L.R 7-3(emphasis added). The Central District of California "requires strict compliance with Local Rule 7-3." *Fuji Photo Film Co. v. Achiever Indus.*, 2007 U.S. Dist. LEXIS 101986, *4 (C.D. Cal. Feb. 2, 2007) (Walter, J.)(denying Defendant's motion because strict compliance with Local Rule 7-3 is necessary to support the Central District of California's "firm policy of reducing unnecessary motion practice") (Walter, J.); *Alcatel-Lucent USA, Inc. v. Dugdale Communications, Inc.*, 2009 U.S. Dist. LEXIS 100499, *11 (C.D. Cal. Oct. 13, 2009)(Guttierez, J.)(same). Here, it is undisputed that Defendants violated Local Rule 7-3 and failed to initiate a pre-filing conference with Plaintiff's counsel at least seven days prior to filing of *this* Motion. BMS and Pfizer, in their Notice, provide that this Motion is made following the conference of counsel pursuant to L.R. 7-3, which took place on Nov. 1, 2016. (ECF 28-1). But that pre-filing conference was before Defendants filed its *Ex Parte Application to Stay* on November 2, 2016. (ECF 12). After this Court denied Defendants' *Ex Parte Application to Stay* for no good cause shown (ECF 20), Defendants never conferred with Plaintiff's counsel prior to filing this second Motion. (ECF 28-1).[1]

---

[1] Nothing in the Local Rules exempts the moving party from complying with this Rule if the moving parties knows of no potential for resolution. Nor does Local Rule 7-3 allow the moving party to relate-back a new motion to a previous motion's pre-filing conference, especially after the court has ruled on the previously filed motion. Such an interpretation seems contrary to the spirit of Rule 7-3.

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

Most detrimentally, Defendants violation of Rule 7-3 allowed Defendants to set the hearing on the Motion to Stay at the same date as the Motion to Remand. If Defendants complied with the Local Rule 7-3, the hearing on the Motion to Stay could only properly be heard ***after*** the Court's hearing on the Motion to Remand. This Court should bring a halt to Defendants' gamesmanship in their quest to preclude *this* Court from making a determination on the very fundamental, threshold issue of federal jurisdiction, and either deny or strike the improperly noticed Motion to Stay. *See e.g. Elwood v. Drescher*, 456 F.3d 943, 949 (9th Cir. 2006) (affirming district court's striking the motion for failure to comply with Local Rule 7-3); *Cucci v. Edward*, 510 F. Supp. 2d 479, 486 (C.D. Cal. 2007) (confirming that the court may deny motion on basis of failing to comply with Local Rule 7-3 alone). Holding otherwise, would render compliance with the seven-day waiting period prior to filing motions discretionary and outcome dependent, which is contrary to the letter and spirit of the Rule. Accordingly, the Motion should be stricken or denied[2] for failing to comply with Local Rule 7-3.

### B. Alternatively, Defendants' Stay Should be Denied.

This Court, on three occasions, held that Defendants' Ex Parte Motion should be denied because good cause not shown. Undeterred, Defendants refiled their Motion to Stay. Defendants filed a similar motion in *McIntosh*, another Eliquis case, pending in the Northern District of California. *See* Beasley Dec., Exh. H  The Northern District denied Defendants' Motion for Reconsideration, which also relied heavily on the *Hayes* order,[3] because the "defendants failed to show the 'emergence of new material facts of

---

[2] An alternative remedy is to continue the hearing on the improperly noticed Motion to Stay so as to ensure compliance with Local Rule 7-3.

[3] *McIntosh v. McKesson Corp.*, Case No. 5:16-cv-06124-NC, Dkt. 27, (N.D. CA Nov. 14, 2016).

a change of law occurring after the time' of the first order denying a stay." *Id.* This District has a similar local rule. *See* CACD L.R. 7-18. Because Defendants have not satisfied the threshold requirements for a Motion for Reconsideration and sets forth no new material facts or change of law occurring after[4] this Court issued its Order denying the requested stay, Defendants' renewed motion should be denied.

Substantively, Defendants' second request to stay solely based on the pending JPML motion fails for the reasons set forth in Plaintiff's Opposition to the Ex Parte Motion to Stay, which is incorporated herein by reference. Defendants, as with its first Motion to Stay, argues Plaintiff will suffer no prejudice based on the assumption their JPML petition will be heard on January 26, 2017, resulting only in a brief stay. The JPML hearing, however has still not been set. As this Court is aware, Plaintiff's JCCP Petition[5] is set to be heard in Los Angeles Superior Court on February 1, 2017. (Beasley Decl., Exh. I). Consequently, delaying resolution of this threshold jurisdictional issue will prejudice Plaintiff's coordination efforts in state court where this case belongs.

Defendants' second and third arguments re-urged here likewise fail because judicial economy is not conserved by staying this case and postponing the threshold issue of federal jurisdiction. This Court cannot assume that the MDL will be granted or, if it is, that the transferee court would be presented with the issue of subject matter jurisdiction. *See Lopez v. Pfeffer*, No. 13-cv-03341 NC, 2013 U.S. Dist. LEXIS 138922 (N.D. Cal. Sep. 25, 2013)(declining to assume that the MDL will transfer the case, and finding that prejudice to the defendant in denying a temporary stay is minimal.) All

---

[4] The Order granting Defendants' *Ex Parte Application to Stay* was entered on November 9, 2016 in *Hayes v. McKesson*, 5:16-cv-02280-JGB-KK, Dkt. 21 (C.D. CA Nov. 14, 2016). This Court denied Defendant's Ex Parte Application to Stay on November 14, 2016 (*Lebatschi*), November 16, 2016 (*Stuart* and *Williams*).

[5] All cases identified for coordination in the JCCP have been or will be removed to federal court. Def. Motion, pg. 3, FN2.

6

2:16-cv-008115-R-AS
PLAINTIFF'S RESPONSE TO DEFENDANTS'
MOTION TO STAY OR, IN THE ALTERNATIVE,
MOTION FOR RECONSIDERATION

cases Defendants cite as analogous involved *existing* MDLs. *See* ECF 28, FN3. But there is no JPML order that applies to this case. And in the 36[6] stays referenced by Defendants, a majority of those stays occurred by consent or joint motion in Eliquis cases; whether to stay was not adjudicated, nor was subject matter jurisdiction in dispute. While a stay may have the general appearance of conserving judicial economy, the situation in this case is such that staying it would waste judicial resources and time. No efficiency is gained by putting a case on hold that has been fully briefed regarding lack of subject matter jurisdiction, to see if the JPML is going to form an MDL, and then wait to see if this case will be transferred if an MDL is formed, and then present the MDL court with another round of remand briefs on a motion it has never before considered. *See Marble v. Organon*, No. 12-2213, 2012 U.S. Dist. LEXIS 83520, at *3 (N.D. Cal. June 15, 2012) (when a jurisdictional issue has not yet arisen before the MDL, a motion to stay has been denied and the action remanded to state court because burdening the MDL with a new jurisdictional issue would not be in the interest of judicial economy). Economies may be just as well achieved in the consolidated state court proceedings on remand.

Again, Defendants' argument wholly ignores the prejudice to Plaintiff in postponing a ruling on subject matter jurisdiction. *Guardado v. Highshaw*, No. EDCV 13-365 PSG (SPx), 2013 U.S. Dist. LEXIS 188414, at *4-5 (C.D. Cal. May 6, 2013) (finding it appropriate to address plaintiff's motion to remand in context of alleged fraudulent joinder argument than staying case and deferring jurisdictional issues to

---

[6] Defendants omit that Judge Kaplan in the Southern District of New York denied the parties joint motion to stay. *See Utts v. Bristol-Myers Squibb Company,* 1:16-cv-05668-DLC, Dkts. 19 (S.D.N.Y. Oct. 28 and Nov. 22, 2016). All SDNY cases were subsequently transferred to Judge Cote, who lifted the stay. *Id.* at Dkt. 22-23. In reality, the stay has been lifted in approximately 15 of the 36 cases cited by Defendants.

7

2:16-cv-008115-R-AS
PLAINTIFF'S RESPONSE TO DEFENDANTS'
MOTION TO STAY OR, IN THE ALTERNATIVE,
MOTION FOR RECONSIDERATION

MDL court). "[F]ederal courts normally must resolve questions of subject matter jurisdiction before reaching other threshold issues." *Id.*, at *5-6 (citing *Goodwin v. Kojian*, No. SACV 13-325-JST (JPRx), 2013 U.S. Dist. LEXIS 53403 (C.D. Cal. Apr. 12, 2013) (quoting *Potter v. Hughes*, 546 F.3d 1051, 1061 (9th Cir. 2008) (edits in original). As courts in this District and other district courts have recognized, "it is in the interest of judicial economy to decide issues of jurisdiction as early in the litigation process as possible. If federal jurisdiction does not exist, the case can be remanded before federal resources are further expended." *Guardado* at *11-12 (*citing Conroy v. Fresh Del Monte Produce Inc*., 325 F. Supp. 2d 1049, 1054 (N.D. Cal. 2004), *Goodwin*, 2013 U.S. Dist. LEXIS 53403, (considering the interest in early resolution of jurisdictional issues in deciding to rule on the plaintiff's remand motion before addressing the defendant's motion to stay). As a general rule, "[a] putative transferor court need not automatically postpone rulings on pending motions, or in any way generally suspend proceedings, merely on the grounds that an MDL transfer motion has been filed." *Guardado*, 2013 U.S. Dist. LEXIS 188414, at *4-5 (citations omitted).

District courts within the Ninth Circuit have adopted two methods for determining whether it is appropriate to address a motion to remand when a motion to stay the case pending transfer to an MDL has also been filed. In one approach the courts follow a three-step analysis:

> First, the court gives preliminary scrutiny to the merits of the motion to remand and, if this preliminary assessment suggests that removal was improper, the court should promptly complete its consideration and remand the action to state court. Second, if the jurisdictional issues appear factually or legally difficult, the court determines whether identical or similar issues have been raised in other cases that have been or may be transferred to the MDL proceeding. Third, if the jurisdictional issue appears difficult and the issues are similar to those raised in cases transferred or likely to be transferred to the MDL court, the court should stay the action and permit the MDL court to address

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

the jurisdictional issues.

*Id.* at *6-7 (C.D. Cal. May 6, 2013)(citations omitted). Whereas other courts have applied the ordinary test for determining whether to stay the proceedings by balancing the interests of judicial economy and fairness. *Id.* at *7 (citations omitted). In the latter approach, courts consider whether issues of judicial economy—such as conservation of judicial resources, avoidance of duplicative work, possibility of inconsistent rulings, and pre-trial management efforts—favor staying the case rather than addressing the motion to remand, and whether there would be any prejudice to the plaintiffs in declining to address the motion to remand. *Id.*

Under either approach, this Court should deny the motion for stay and address the motion to remand. As in *Guardado*, where the court found the issue of fraudulent joinder not to be complex, the issue of diversity in the present matter is not complex and does not involve a complicated in-depth analysis. Plaintiff is a resident of California, as is Defendant McKesson. Plaintiff has asserted causes of action against McKesson under California state law that holds distributors/suppliers and marketers/promoters strictly liable for injuries caused by defective products. Defendants have admitted that McKesson distributes and supplies Eliquis in California and Defendants have never denied nor challenged the notion that McKesson is a marketer/promoter of Eliquis in California, through the use of promotional coupon offers. Defendants cannot prove by clear and convincing evidence that there is no possibility that Plaintiffs can prevail on any cause of action brought against McKesson.

And last, BMS and Pfizer will not suffer hardship or inequity without a stay because they are "only entitled to litigate in the MDL if there is federal subject matter jurisdiction." *Hermosillo v. McKesson Corp.*, No. C 13-03169 WHA, 2013 U.S. Dist. LEXIS 115065, at *5-6 (N.D. Cal. Aug. 14, 2013); *See also Lopez*, 2013 U.S. Dist.

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

9

2:16-cv-008115-R-AS
PLAINTIFF'S RESPONSE TO DEFENDANTS'
MOTION TO STAY OR, IN THE ALTERNATIVE,
MOTION FOR RECONSIDERATION

LEXIS 138922 (declining to assume that the MDL will transfer the case, and finding that prejudice to defendant in denying a temporary stay is minimal.); *Tortola Restaurants, L.P. v. Kimberly-Clark Corp.*, 987 F. Supp. 1186, 1188 (N.D. Cal. 1997) (denying motion to stay pending determination of transfer by the JPML and deciding threshold jurisdictional issue).

## III. CONCLUSION

Defendants' renewed request to stay should be denied because Defendants violated Local Rule 7-3 and failed to satisfy Local Rule 7-18. The Court need not turn to the merits of Defendants' motion for a second time for these two reasons. Regardless, a stay is not warranted given that subject matter jurisdiction is hotly disputed, and the certainty of prejudice to Plaintiff from delay and duplicative briefing. Further, judicial resources will not be conserved because subject matter jurisdiction is not an issue before the JPML, and the parties do not even know if the MDL will be granted, or if so, when it could be granted. Additionally, a previously filed coordinated proceeding in California state court will allow Defendants to avoid duplication in discovery and motion practice, or prejudice. Judicial economy is squandered by putting off the inevitable but fundamental determination of jurisdiction until after other proceedings that would be rendered moot by a lack of federal subject matter jurisdiction. Additionally, denying stay will prevent Defendants from using the multidistrict litigation model as a tool in furtherance of delay and harassment where federal jurisdiction has not even been determined to exist.

Dated November 28, 2016,   Respectfully submitted,

**SALIM-BEASLEY, LLC**

By: *Barrett Beasley*
Barrett Beasley
Attorney for Plaintiff
Ozra Lebastchi

# DECLARATION OF BARRETT BEASLEY

I, Barrett Beasley, hereby declare as follows:

1. I am an attorney at law, duly licensed to practice before all Courts of the State of California and the United States District Courts for the Northern, Southern, Central, and Eastern Districts of California. I am a partner with Salim-Beasley, LLC, counsel for Plaintiff in this action. This Declaration is offered in support of Plaintiff's Opposition to Defendants Motion to Stay and, in the Alternative, Motion for Reconsideration. If called as a witness I could and would competently testify to the following based on personal knowledge:

2. Attached hereto as Exhibit "A" is a true and correct copy of the Order Denying Stay, Order Denying Stay, Lebastchi v. McKesson Corp., et al., 3:16-cv-08115-R-AS (C.D. Cal. Nov. 14, 2016), ECF No. 20; printed from pacer on November 18, 2016.

3. Attached hereto as Exhibit "B" is a true and correct copy of the Order Denying Stay, Stuart v. McKesson Corp., et al., 8:16-cv-01988-R (C.D. Cal. Nov. 16, 2016) ECF No. 30; printed from pacer on November 18, 2016.

4. Attached hereto as Exhibit "C" is a true and correct copy of Order Denying Stay, Williams v. McKesson Corp., et al., 2:16-cv-08133-R-AS (C.D. Cal. Nov. 16, 2016) ECF No. 33; printed from pacer on November 18, 2016.

5. Attached hereto as Exhibit "D" is a true and correct copy of Order Denying Stay, Aguirre, et al,. v. McKesson Corp., et al., 2:16-cv-08137-R (C.D. Cal. Nov. 16, 2016) ECF No. 25. printed from pacer on November 18, 2016.

6. Attached hereto as Exhibit "E" is a true and correct copy of Fonger v. McKesson Corp., et al., 3:16-cv-02719-AJB-DHB (S.D. Cal. Nov. 10, 2016), ECF No. 13; printed from pacer on November 18, 2016.

7. Attached hereto as Exhibit "F" is a true and correct copy of Little v. McKesson Corp., et al., 3:16-cv-02144-AJB-DHB (S.D. Cal. Nov. 2, 2016), ECF No. 32; printed from pacer on November 18, 2016.

8. Attached hereto as Exhibit "G" is a true and correct copy of McIntosh v. McKesson, 5:16-cv-06124-NC, Order Denying Defendants' Ex Parte Application to Stay, printed on November 28, 2016.

9. Attached hereto as Exhibit "H" is a true and correct copy of McIntosh v. McKesson, 5:16-cv-06124-NC, Order Denying Defendants' Renewed Motion to Stay and Motion to Shorten Time, and Continue Hearing on Motion to Remand to December 14, 2016, printed on November 27, 2016.

10. Attached hereto as Exhibit "I" is a true and correct copy of JCCP Notice of Hearing, printed on November 22, 2016.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed November 28, 2016.

/s/ Barrett Beasley
Barrett Beasley

# **CERTIFICATE OF SERVICE**

I hereby certify that on November 28, 2016, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the Electronic Mail Notice List, and I hereby certify that I caused the foregoing document or paper to be mailed via the United States Postal Service to the non-CM/ECF participants indicated on the Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on November 28, 2016.

DATED: November 28, 2016     Respectfully Submitted,

**SALIM-BEASLEY, LLC**

By:     */s/ Barrett Beasley*
    Barrett Beasley
    *bbeasley@salim-beasley.com*

    1901 Texas Street
    Natchitoches, Louisiana 71457
    Tel:   (318) 352-5999
    Fax:   (318) 352-5998

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California